UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

REGINALD D. CHAVERS,

    Plaintiff,

    v.                                                     Case No. 11-C-1088

UNITED STATES OF AMERICA,

    Defendant.

## DECISION AND ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS AND DISMISSING CASE

Reginald D. Chavers seeks to vacate his 2006 conviction on the ground that he would not have pled guilty to knowingly attempting to have a loaded gun placed on an aircraft in violation of 49 USC § 46505(b)(2), but for the erroneous advice of counsel. *United States v. Reginald D. Chavers*, Case No. 05-CR-203 (2006). Having served the term of imprisonment imposed on a subsequent revocation, Chavers has filed a petition for writ of error coram nobis rather than a motion to vacate the judgment of conviction under § 2255.[1] Because he cannot satisfy the requirements for pursuing this extraordinary writ, the petition will be denied and this case dismissed.

The writ of coram nobis, available under the All Writs Act, 28 U.S.C. § 1651(a), provides a method for collaterally attacking a criminal conviction when a defendant is not

---

[1] Chavers represents that he has completed his term of imprisonment and that the "case is now expired." The United States Probation Office in the Eastern District of Wisconsin confirms that they received a case closure notice on Case No. 05-CR-203, and that Chavers served his term imposed on revocation. Nevertheless, Chavers writes from the Federal Correctional Institution in Bennettsville, South Carolina. Had Chavers been serving the federal sentence imposed by this court, the proper course would be to file a § 2255 motion. *Vitrano v. U.S.,* 643 F.3d 229, 233 (7th Cir. 2011) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover.").

in custody, and thus cannot proceed under 28 U.S.C. § 2255. *Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011). The writ is reserved to situations involving: 1) correction of errors that are so fundamental that the conviction is invalid; 2) circumstances where there are sound reasons for having not sought relief earlier; and 3) instances where the defendant continues to suffer consequences from his conviction, even though he is no longer in custody. *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007).

Chavers cannot demonstrate that there are sound reasons for not having sought earlier relief. In his affidavit, Chavers maintains that his attorney told him that the government would not have to prove knowledge that his gun was loaded to sustain the conviction and that, but for this advice, he would not have pled guilty. That argument was known to Chavers prior to sentencing years ago.

The plea agreement on file sets forth the elements that the government was required to prove beyond a reasonable doubt. It states that the defendant attempted to have placed on an aircraft a loaded firearm in an area not accessible to passengers in flight, and that the defendant did so knowingly. These elements were discussed during Chavers' plea colloquy conducted by Judge Joseph P. Stadtmueller. Moreover, within a month of pleading guilty, Chavers filed a request for the appointment of new counsel and leave to withdraw the plea. His request for new counsel was granted, and Judge Stadtmueller recused himself from further proceedings.

On November 17, 2006, Chavers' new counsel argued to this court that his plea was not knowing and voluntary. At that time, Chavers argued that the plea agreement did not contain any statement from him acknowledging that the firearm he presented to TSA was loaded. Additionally, Chavers conceded that the plea agreement contained a statement

2

"that Chavers was aware that the government was required to prove that Chavers knowingly attempted to have placed on an aircraft a loaded firearm, as charged in the Indictment." At page 5 of his motion, newly appointed counsel for Chavers wrote: "Indeed, other than the recitation of the elements of the charge in the plea agreement, which Chavers acknowledged by signing the Plea Agreement, there is no statement from Chavers admitting that he knew the firearm was loaded." Also, at paragraph 31 of the plea agreement, Chavers acknowledged that he was pleading freely and voluntarily because he was guilty and that "no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty."

This court denied Chavers' motion to withdraw his guilty plea on November 17, 2006. In denying the motion, the court reviewed the record thoroughly and noted the following:

> Upon additional examination, the defendant testified that he had read and understood the plea agreement and that he discussed the plea agreement thoroughly with counsel prior to signing it. He advised that he desired to enter a plea of guilty to the offense charged in count one of the indictment and that it was the product of a free and voluntary act on his part, together with the advice of his attorney. In response to the court's invitation to look at paragraph 6 of the plea agreement, the defendant recited the penalties he was facing, if convicted, and recognizing the possible loss of his civil rights. Specifically, the defendant acknowledged that while under the disability of a criminal justice sentence for a felony, he may not cast a vote in an election, serve on a jury, hold a public office or ever possess or own a gun or a firearm. Moreover, the defendant confirmed that he may be foreclosed from certain occupations which require a license. Also, the defendant recognized his trial rights and stated that he was aware that in a criminal case, the government's burden requires it to establish guilt beyond a reasonable doubt; that he had the right

3

> to a jury trial during which he would enjoy the presumption of innocence; that the acceptance of his plea meant that there would be no trial; and that he was giving up his presumption of innocence by admitting the relevant conduct that underlies the offense to which he was pleading guilty.

Chavers challenged that ruling on appeal. The Seventh Circuit summarized his argument as follows: "[i]n essence, Chavers claims that because knowing the gun was loaded is a necessary element of the crime to which he pleaded guilty, and because he did not in fact possess the requisite knowledge, he is actually innocent of the crime." *United States v. Chavers*, 515 F.3d 732, 725 (7th Cir. 2008). Nevertheless, the Seventh Circuit affirmed, finding in part that "Chavers had the burden of showing he did not know the weapon was loaded, and he provided the district court with no alternative explanation of the facts that might support his claim of ignorance." Id. The final paragraph of the decision acknowledges that Chavers raised an ineffective assistance of counsel claim before the district court but did not develop the issue on appeal. The Seventh Circuit indicated that "should Chavers wish to pursue his contention that his counsel was ineffective, he would be better served by bringing that claim through a collateral proceeding under 28 U.S.C. § 2255." Id. at 726. However, Chavers never followed those instructions. Even after his revocation in February of 2009, he did not appeal or file a § 2255. At that point he certainly knew the consequences of his December 2006, Judgment of conviction.

Put simply, prior to sentencing Chavers argued his plea was not knowing and voluntary and that the government could not show he knew the gun was loaded. Those claims were squarely rejected by the this court and on appeal. In early 2008, the Seventh Circuit instructed Chavers to file a § 2255 if he wished to pursue an ineffective assistance

4

of counsel claim. Yet he took no steps to collaterally attack his conviction until he requested transcripts and filed the pending petition on November 28, 2011.

Now, therefore,

IT IS ORDERED that Reginald Chavers' petition for writ of error coram nobis is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE